Argued and submitted November 20, 1981, judgment reversed, and order vacated March 15, 1982

In the Matter of the Adoption of
Shawna Marie Strain, formerly known
as Shawna Marie Madden, aka
Shawna Marie Hiers.

In the Matter of the Guardianship of
Shawna Marie Hiers, also known as
Shana Meri Hiers, and Shawna Marie
Strain, formerly known as Shawna
Marie Madden.

STATE ex rel HIERS,
*Respondent,*

*v.*

STRAIN,
*Appellant.*

(No. 209 and 2351, CA 19930)

642 P2d 315

Myron Gitnes, Lakeview, argued the cause and filed the brief for appellant.

No appearance for respondent Hiers.

No appearance for respondent State of Oregon.

Before Buttler, Presiding Judge, Warden, Judge, and Fort, Senior Judge.*

PER CURIAM

* Fort, S. J., *vice* Warren, J.

## PER CURIAM

Albert H. Strain appeals from a judgment holding him in contempt of court in connection with an adoption proceeding for failure to comply with its order to deliver custody of a child and committing him to jail. The only issue we need address is the adequacy of the court's findings to support the contempt order.

In *State ex rel Bassett v. Bassett,* 166 Or 628, 113 P2d 432, 114 P2d 546 (1941), a contempt proceeding arising out of a divorce suit, the Supreme Court said:

"We hold further, in accordance with the authorities cited, that it should appear from the findings entered both that the defendant had failed to perform the act enjoined by the decree *and that it was within his power to do so.* (Emphasis supplied.) 166 Or at 640.

The trial court here made no finding that it was within appellant's power to deliver the child at the time of the show cause hearing or at the time judgment was imposed. It follows that the judgment of contempt must be set aside and the order of commitment vacated.

Judgment of contempt reversed; order of commitment vacated.